UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

LLOYD D. HAMBLIN, HOLLY HAMBLIN,

    Plaintiffs,

  v.

COINSTAR, INC., a corporation; DOES 1 through 30, inclusive,

    Defendants.

NO. CIV. S-07-1258 WBS KJM

ORDER RE: MOTION TO REMAND

----oo0oo----

    Plaintiffs Lloyd D. and Holly Hamblin ("plaintiffs") filed this action against defendant Coinstar, Inc. ("Coinstar"), alleging termination of employment in violation of public policy. Coinstar removed the matter based on diversity jurisdiction, 28 U.S.C. § 1332, and plaintiffs now move to remand the case to state court.

I.   Factual and Procedural Background

    Plaintiffs Lloyd D. And Holly Hamblin, at all relevant times, were and still are residents of Shasta County, California. (Compl. ¶ 5.) Coinstar, at all relevant times, was and still is,

1

1 a corporation under the laws of Delaware with its principal place
2 of business in Bellevue, Washington.  (Not. of Removal ¶ 6.)
3          On November 5, Lloyd Hamblin was involved in a motor
4 vehicle collision.  (Compl. ¶ 6.)  Lloyd Hamblin purportedly
5 filed a workers' compensation claim as a result of that accident.
6 (Id.)  Plaintiffs assert that Coinstar was aware of Lloyd
7 Hambin's accident.  (Id. ¶ 8.)  Plaintiffs contend that Coinstar
8 denied Llody Hamblin coverage under its workers' compensation
9 policy.  (Id. ¶ 9.)  Coinstar purportedly terminated Lloyd
10 Hamblin's employment in retaliation for his filing of a workers'
11 compensation claim.  (Id.)
12          On April 2, 2007, plaintiffs filed a complaint in the
13 Superior Court of Shasta County, alleging a single cause of
14 action for termination of employment in violation of public
15 policy, pursuant to Cal. Gov't Code § 16940(h), a provision of
16 the California Fair Employment and Housing Act (FEHA), and
17 wrongful determination based upon violation of the public policy
18 as contained in Cal. Lab. Code § 132a.  On June 25, 2007,
19 Coinstar removed the case to this court based on diversity
20 jurisdiction, 28 U.S.C. § 1332.  On July 25, 2007, plaintiffs
21 filed this motion to remand the case to state court, upon the
22 ground that 28 U.S.C. § 1445(c) precludes removal because
23 plaintiffs' claim arises under California's workers' compensation
24 laws.
25 II.  Discussion
26          Removal is appropriate of any case brought in state
27 court "of which the district courts of the United States have
28 original jurisdiction . . . ."  28 U.S.C. 1441(a).  A district

2

court will have original jurisdiction in diversity when a dispute arises between "citizens of different states" over an amount greater than $75,000.  28 U.S.C. § 1332(a).  Diversity cases may be removed "only if [no defendant] is a citizen of the State in which the action is brought" when notice of removal is filed.  28 U.S.C. § 1441(b); Spencer v. U.S. Dist. Court for N. Dist. of Cal., 393 F.3d 867, 871 (9th Cir. 2004).  However, if removal was improper, then "the district court lack[s] subject matter jurisdiction, and the action should [be] remanded to the state court."  Toumajian v. Frailey, 135 F.3d 648, 653 (9th Cir. 1998) (citing 28 U.S.C. § 1447(c)).  The party asserting diversity jurisdiction bears the burden of proof.  Resnik v. La Paz Guest Ranch, 289 F.2d 814, 819 (9th Cir. 1961).

        Plaintiffs argue that the case should be remanded to state court pursuant to 28 U.S.C. § 1445(c), which provides that: "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."  The term "arising under" in the context of § 1445(c) has the same meaning as "arising under" in 28 U.S.C. § 1331, which governs federal question jurisdiction. Zurich v. Am. Ins. Co. V. Gen. Motors Corp., 242 F. Supp. 2d 736, 737 (E.D. Cal. 2003); Beaver, 451 F. Supp. 2d at 1200; Reed v. Heil Co., 206 F.3d 1055, 1059 (11th Cir. 2000); Humphrey v. Sequentia, Inc., 58 F.3d 1238, 1245 (8th Cir. 1995); Jones v. Roadway Express, Inc., 931 F.2d 1086, 1092 (5th Cir. 1991).  A claim arises under a federal law for purposes of § 1331 only if it involves a determination "'respecting the validity, construction or effect of such a law,'" and the result of the

3

action depends on that determination.  Virgin v. County of San Luis Obispo, 201 F.3d 1141, 1143 (9th Cir. 2000) (quoting Shulthis v. McDougal, 225 U.S. 561, 569-70 (1912)).  Therefore, for purposes of § 1445(c), a claim will "arise under" California's workers' compensation laws only if it is necessary to interpret those laws to resolve the claim.

Both claims of the complaint are for retaliatory discharge.  "A claim of retaliatory discharge may be adjudicated without any inquiry into the meaning of the workers' compensation laws; the question for decision usually is the employer's motive for adverse action rather than the entitlement to compensation for injury on the job."  Spearman v. Exxon Coal USA, Inc., 16 F.3d 722, 725 (7th Cir. 1994).  As plaintiffs note, Spearman involved a common law action only.  However, the fact that plaintiff may proceed with a FEHA claim does not change the result.  In Beaver v. NPC Int'l, Inc., 451 F. Supp. 2d 1196, 1201 (D. Or., 2006), the court found that an action based on an Oregon state statute whose purpose was to prevent "discrimination of any kind" in employment did not "arise under" Oregon's workers' compensation laws.  Similarly here, plaintiffs' claims under FEHA and common law do not arise under California's workers' compensation laws.

Among the policy rationales underlying 28 U.S.C. § 1445(c) were a congressional concern that workers' compensation claims had increased the workload of the federal courts and a concern for the states' interest in administering their own workers' compensation schemes.  Vasquez v. N. County Transit Dist., 292 F.3d 1049, 1061 n.6 (9th Cir. 2002).  Neither of these

4

1  concerns is implicated by the removal of this action in which the
2  claims stated are based on state employment discrimination law
3  and common law, and where the federal court will not be required
4  to construe or enforce the state's workers' compensation statute.
5  Because the construction of California's workers' compensation
6  statute will not be an issue in deciding the claims at issue in
7  this case, they do not "arise under" California's workers'
8  compensation laws.  Accordingly, 28 U.S.C. § 1445(c) does not bar
9  their removal to this court.  Consequentially, plaintiffs' motion
10 to remand must be denied.[1]

11         IT IS THEREFORE ORDERED that plaintiffs' motion to
12 remand be, and the same hereby is, DENIED.
13 DATED:  September 17, 2007

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[1] Because the court denies plaintiffs' motion for remand, the court need not address plaintiffs' request for attorney's fees and cost associated with bringing this motion or their request for sanctions under Federal Rule of Civil Procedure 11.

5