UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

LLOYD D. HAMBLIN, HOLLY HAMBLIN,

        Plaintiffs,

   v.

COINSTAR, INC., a corporation; DOES 1 through 30, inclusive,

        Defendants.

NO. CIV. S-07-1258 WBS KJM

REVISED ORDER RE: MOTION TO REMAND

----oo0oo----

Plaintiffs Lloyd D. and Holly Hamblin ("plaintiffs") filed an action in state court, alleging wrongful termination. Defendant, Coinstar, Inc., removed the matter based on diversity jurisdiction, 28 U.S.C. § 1331, and plaintiffs moved to remand the case. In an order dated September 17, 2007, this court denied plaintiffs' motion to remand; however, further consideration now persuades this court to revise its September 17, 2007 order.

///

1

To avoid repetition, the court will refrain from reciting the factual and procedural background, which remains the same as in its order denying plaintiffs' motion to remand. (Sept. 17, 2007 Order 1-2.)

Federal Rule of Civil Procedure 54(b) grants courts the power to revise an order at any time before entering a final judgment. Fed. R. Civ. P. 54(b). The Ninth Circuit has also described this ability as an "inherent power" of the court. Balla v. Idaho State Bd. of Corrs., 869 F.2d 461, 465 (9th Cir. 1989).

As explained in the previous order, this case satisfies the requirements of diversity jurisdiction under § 1331, thus the court has subject matter jurisdiction. When a case is removed based on diversity jurisdiction, "[d]oubts of removability" should be "resolved in favor of remanding the case to state court." Quinones v. Target Stores, No. 05-03570, 2005 WL 3157515, at *2 (N.D. Cal. Nov. 23, 2005) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941) and Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)).

Plaintiffs contend that removal is barred by 28 U.S.C. § 1445(c). The court now agrees. Specifically, § 1445(c) provides that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."[1] The question here is therefore whether plaintiffs' claim "arises under"

---

[1] The bar against removal in § 1445(c) is procedural, thus does not limit the court's subject matter jurisdiction and can be waived. Vasquez v. N. County Transit Dist., 292 F.3d 1049, 1062 (9th Cir. 2002).

California's workers' compensation laws.

The term "arising under" in the context of § 1445(c) has the same meaning as "arising under" in 28 U.S.C. § 1331, which governs federal question jurisdiction. Reed v. Heil Co., 206 F.3d 1055, 1059 (11th Cir. 2000); Humphrey v. Sequentia, Inc., 58 F.3d 1238, 1245-46 (8th Cir. 1995); Jones v. Roadway Express, Inc., 931 F.2d 1086, 1092 (5th Cir. 1991); Zurich Am. Ins. Co. v. Gen. Motors Corp., 242 F. Supp. 2d 736, 737 (E.D. Cal. 2003). In defining "arising under" for purposes of § 1331, the Ninth Circuit has explained that

> [a] claim arises under a federal law within § 1331 if it is apparent from the face of the complaint either that (1) a federal law creates the plaintiff's cause of action; or (2) if a state law creates the cause of action, a federal law that creates a cause of action is a necessary element of the plaintiff's claim.

Virgin v. County of San Luis Obispo, 201 F.3d 1141, 1142-43 (9th Cir. 2000). Therefore, for purposes of § 1445(c), plaintiffs' claim "arises under" California's workers' compensation laws if the workers' compensation laws create plaintiffs' cause of action or if it is necessary to interpret those laws to resolve plaintiffs' claim.

Plaintiffs' complaint alleges that defendant wrongfully discharged plaintiff after plaintiff filed a workers' compensation claim. The Ninth Circuit has not decided whether such a claim "arises under" workers' compensation laws, and other circuits have reached different conclusions. For example, the Fifth Circuit held that a retaliatory discharge claim, which was not codified in the workers' compensation laws, "arose under" those laws; however, the Seventh Circuit held that a common law

3

1 retaliatory discharge claim did not. <u>Jones</u>, 931 F.2d at 1092;
2 <u>Spearman v. Exxon Coal USA, Inc.</u>, 16 F.3d 722, 725-26 (7th Cir.
3 1994).

4     Despite the different conclusions in circuits where a
5 retaliatory discharge claim is not codified in the workers'
6 compensation laws, application of § 1445(c) is more
7 straightforward if a state's workers' compensation laws create
8 the plaintiff's cause of action. <u>Humphrey</u>, 58 F.3d at 1245-46
9 (distinguishing <u>Spearman</u> and holding that a retaliatory discharge
10 claim, codified in the state's workers' compensation laws,
11 "arises under" those laws); <u>Quinones v. Target Stores</u>, No. 05-
12 03570, 2005 WL 3157515, at *5 (N.D. Cal. Nov. 23, 2005) (holding
13 that § 1445(c) bars removal of a common law retaliatory discharge
14 claim because the public policy against such termination is
15 codified in section 132a of the state's workers' compensation
16 laws); <u>see also</u> <u>Franchise Tax Bd. of the State of Cal. v.</u>
17 <u>Construction Laborers Vacation Trust for Se. Cal.</u>, 463 U.S. 1,
18 27-28 (1983) (explaining that, for § 1331, "arising under"
19 includes "cases in which . . . federal law creates the cause of
20 action . . .").

21     In its earlier order, this court failed to recognize
22 the significance of the fact that in California, Labor Code
23 section 132a codifies a claim for retaliatory discharge. In
24 relevant part, section 132a provides:

> It is the declared policy of this state that there should not be discrimination against workers who are injured in the course and scope of their employment. (1) Any employer who discharges . . . any employee because he or she has filed or made known his or her intention to file a claim for compensation with his or her employer . . . is guilty of a misdemeanor and the employee's

4

>compensation shall be increased by one-half . . . . Any such employee shall also be entitled to reinstatement and reimbursement for lost wages and work benefits caused by the acts of the employer.

For an employee fired for filing a workers' compensation claim, the remedy that section 132a provides is two-fold.  First, the employee can file a section 132a claim and seek relief under section 132a.  Presumably, this claim must be filed with the Workers' Compensation Appeals Board.[2]  Cal. Labor Code § 5300.  Alternatively, the employee can use section 132a to file a common law termination in violation of public policy claim, commonly known as a "Tameny" claim.  Tameny v. Atl. Richfield Co., 27 Cal. 3d 167, 176 (1980).  To assert a Tameny claim, the plaintiff must identify the specific public policy the termination violated and the public policy must derive from a constitutional provision, statute, or administrative regulation that serves a statutory objective.  City of Moorpark v. Superior Court of Ventura County, 18 Cal. 4th 1143, 1159 (1998) (discussing Stevenson v. Superior Court of L.A. County, 16 Cal. 4th 880, 894 (1997) and Green v. Ralee Eng'g Co., 19 Cal. 4th 66, 79-80 (1998)).

Thus, because section 132a provides the necessary public policy, it appears plaintiffs' claim would not exist without it.  Neither plaintiffs in their complaint nor defendant is its moving papers have identified any alternative

---

[2] In City of Moorpark v. Superior Court of Ventura County, 18 Cal. 4th 1143, 1155-56 (1998), the court assumed for purposes of argument that Labor Code section 5300 establishes that the Workers' Compensation Appeals Board is the exclusive forum for pursuing a section 132a claim.

5

constitutional provision, statute, or regulation that provides a public policy adequate to sustain plaintiffs' claim. Accordingly, section 132a, which is part of the state's workers' compensation laws, "clearly creates [the] substantive right to be free from retaliatory discharge after making a workers' compensation claim." Quinones, 2005 WL 3157515, at *5.  Not only does section 132a create plaintiffs' substantive rights, it also provides the limits of plaintiffs' claim.  See City of Moorepark, 18 Cal. 4th at 1159 ("[W]hen the constitutional provision or statute articulating a public policy also includes certain substantive limitations in scope or remedy, these limitations also circumscribe the common law wrongful discharge cause of action.").  Plaintiffs' wrongful termination claim is therefore dependent on and "arises under" California's workers' compensation laws.

        Defendant further contends that plaintiffs' claim does not arise under state workers' compensation laws because plaintiffs also seek relief under the California Fair Employment and Housing Act (FEHA) and plaintiff's wife, a non-employee, also seeks recovery.  First, the complaint contains only a single cause of action, and although it mentions FEHA (California Government Code § 12940(h)), the only factual basis of liability alleged in the complaint is the termination of plaintiff Lloyd Hamblin's employment in retaliation for filing a workers' compensation claim.  Second, even if the complaint did contain a FEHA claim, when removable claims are joined with non-removable claims, the court has discretion to "remand all matters in which State law predominates."  28 U.S.C. § 1441(c).

6

1       Congress enacted § 1445(c) to preserve a plaintiff's
2  choice of forum, to protect "'states' interest in administering
3  their own workers' compensation schemes,'" and to reduce the
4  workload that workers' compensation cases cause in federal
5  courts. Vasquez v. N. County Transit Dist., 292 F.3d 1049, 1061,
6  1061 n.6 (9th Cir. 2002) (quoting Armistead v. C & M Transport,
7  Inc., 49 F.3d 43, 46 (1st Cir. 1995)).  With these policies in
8  mind, all claims in a case that primarily relies on a workers'
9  compensation right should be heard together, in state court.
10 Accordingly, this court will revise its September 17, 2007 order.
11      Furthermore, because the court denied plaintiffs'
12 motion to remand in its previous order, it did not decide
13 plaintiffs' request for the attorney's fees and costs associated
14 with seeking remand or plaintiffs' request for sanctions under
15 Federal Rule of Civil Procedure 11.
16      Under 28 U.S.C. § 1447(c), when a case is remanded, a
17 court can award the non-removing party "just costs and any actual
18 expenses, including attorneys fees, incurred as a result of the
19 removal."  "Absent unusual circumstances, courts may award
20 attorney's fees under § 1447(c) only where the removing party
21 lacked an objectively reasonable basis for seeking removal."
22 Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).
23      In this case, there have been inconsistent district
24 court decisions within this circuit on the question of whether §
25 1445(c) applies to retaliatory discharge claims. Compare
26 Quinones v. Target Stores, No. C 05-03570 JW, 2005 WL 3157515, at
27 *4 (N.D. Cal. Nov. 23, 2005) (holding that § 1445(c) bars removal
28 of a retaliatory discharge claim) with Beaver v. NPC Int'l, Inc.,

7

451 F.Supp.2d 1196, 1201 (holding that § 1445(c) does not bar removal of a retaliatory discharge claim), and the Ninth Circuit has not yet decided the issue.  Therefore, while this court ultimately concludes that § 1445(c) barred removal, it does not find that defendant lacked an objectively reasonable basis in seeking removal, thus will not award costs or fees.[3]

      IT IS THEREFORE ORDERED that (1) this court's September 17, 2007 order denying plaintiffs' motion to remand be, and the same hereby is, VACATED; (2) plaintiffs' motion to remand be, and the same hereby is, GRANTED; and (3) plaintiffs' motion for attorneys' fees and costs be, and the same hereby is, DENIED.  This matter is hereby REMANDED to the Superior Court of the State of California in and for the County of Shasta.

DATED:  November 21, 2007

*/s/ William B. Shubb*
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[3] While plaintiffs also request sanctions under Federal Rule of Civil Procedure Rule 11, plaintiffs' request is procedurally deficient and will not be considered.  Rule 11 plainly requires that a "motion for sanctions . . . be made separately from other motions."  Fed. R. Civ. P. 11.  In seeking Rule 11 sanctions in their motion for remand, plaintiffs failed to meet the precise requirements for a Rule 11 motion for sanctions.  See Arellano v. Home Depot U.S.A., Inc., 245 F. Supp. 2d 1102, 1109 (S.D. Cal. 2003) (declaring that defendant's request for sanctions was "procedurally defective" because it "was contained in its opposition to plaintiff's motion to remand").